UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                         :

IBEW SYSTEM COUNCIL NO. 7,          :
                        Plaintiff,    :

                                  :           13 Civ. 00381 (LGS)
         -against-             :
                                  :          OPINION AND ORDER
METRO-NORTH RAILROAD COMPANY,  :
                      Defendant.  :
                                  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      IBEW System Council No. 7 ("IBEW") filed the present action seeking to enforce an

award made by a Special Adjustment Board, pursuant to the Railway Labor Act, 45 U.S.C. §

153, against defendant Metro-North Railroad Company ("Metro-North").  Before the Court is

Metro-North's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1)

for lack of subject matter jurisdiction.  For the reasons stated below, Metro-North's motion is

granted.

## I.    Factual Background

      This dispute concerns the right to install Global Positioning Systems ("GPS") units on

Metro-North vehicles.  Metro-North is a railroad corporation operating a railroad business in

New York and Connecticut.    IBEW is a union representing Metro-North's electrical workers.

IBEW first brought a claim, Case No. 529, against Metro-North on June 26, 2006, alleging that

Metro-North had violated the "contracting out" terms of the collective bargaining agreement

with IBEW-represented employees by assigning outside contractors to install GPS devices on

twenty-five Metro-North vehicles on February 22, 2005 and continuous thereafter.

The claim was heard by Special Board of Adjustment No. 934 ("the Board"), which issued Award No. 499 on May 30, 2008.  The Board sustained IBEW's claim, ordering Metro-North to compensate the claimants for the work contracted out "on twenty-five Metro-North vehicles at Harmon Yard, N.Y."  (Award No. 499 at 1, Ex. 1 to Amended Complaint).  The Award further provided that "this is a continuous claim for each and every day after the February 22, 2005, date that this work is performed by other than IBEW represented Communication Workers."  (*Id.*).  In the background section, the award states:

> The instant claim involves a decision . . . to contract out the work of installing a GPS Vehicle Monitoring System on a limited number of vehicles in Metro-North's automotive fleet.  According to Automotive Bulletin Notice No. 05-1 issued on March 3, 2005 entitled "Vehicle Monitoring Demonstration Test Project," a total of 25 vehicles were to be equipped with the monitoring system for one year . . . .

(*Id.*).  In making its award, among other things, the Board considered the fact that Metro-North failed to conduct a contracting out meeting or to provide proper notice that the work was being contracted out, as required by the collective bargaining agreement.

Metro-North complied with Award 499 and compensated the IBEW-represented employees for work on the 25 Metro-North vehicles at Harmon Yard.  Metro-North, however, failed to provide the documentation necessary to confirm the number of additional vehicles in which GPS systems had been installed.  On September 26, 2008, an arbitrator from the Board issued a letter reconfirming that Award No. 499 extended beyond the 25 vehicles at Harmon Yard and urging Metro North to provide the documentation relating to the installation of additional GPS units.  The September 26, 2008, letter also noted that compliance with Award No. 499 is enforceable in the United States district court.  Metro-North thereafter provided the requested documentation, which revealed that it had paid outside contractors to install GPS

2

devices in an additional 93 vehicles.  When Metro-North still failed to compensate the employees for the work done on these 93 vehicles, IBEW commenced an enforcement action in the United States District Court for the Southern District of New York, which the parties ultimately settled.

Several years after the arbitration award, on August 5, 2011, Metro-North sent a letter to the General Counsel of IBEW informing him that it planned to contract out the installation of an Automatic Locator & Monitoring Systems project ("AVLM Project") on a limited number of vehicles, initially 50, in the rubber tire fleet.  Metro North contends that for the AVLM Project, the devices are not just simple GPS devices, but "provide diagnostic information about the condition and status of a vehicle's engine, location information as well as other fleet management tools."  The letter further states that the senior labor relations representative from Metro-North would be available to meet (and subsequently did meet) with an IBEW representative to discuss the AVLM Project pursuant to the "Contracting Out Rule" in the collective bargaining agreement.  IBEW Council responded by letter dated October 4, 2011, stating IBEW's position that Metro-North's contracting out the GPS work for the AVLM Project would result in a continued violation of Award No. 499.   IBEW thereafter commenced the present action.

## II.   Legal Standard

### A.  Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when the federal court lacks subject matter jurisdiction.  "Dismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013) (citation and internal

quotation marks omitted).  In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The Court generally must accept the material factual allegations in the complaint as true, but need not draw all inferences in plaintiff's favor.  *Sokolowski v. Metro. Transp. Auth.*, 849 F. Supp. 2d 412, 414 (S.D.N.Y. 2012) *aff'd*, 723 F.3d 187 (2d Cir. 2013); *see U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc.*, 859 F. Supp. 2d 283, 296–97 (E.D.N.Y. 2012) ("no presumptive truthfulness attaches to the complaint's jurisdictional allegations") (citation and internal quotation marks omitted).  "Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists." *Sokolowski*, 849 F. Supp. 2d at 414 (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

### B.  Railway Labor Act

The Railway Labor Act ("RLA") provides a comprehensive scheme for dispute resolution between railroad employees and their employers.  45 U.S.C. § 153.  The RLA establishes mandatory arbitration procedures to resolve disputes and to interpret contracts, including collective bargaining agreements.  *Baylis v. Marriott Corp.*, 843 F.2d 658, 662 (2d Cir. 1988).  Disputes under the RLA are characterized as major or minor: "'major disputes seek to create contractual rights, minor disputes to enforce them.'"  *U.S. Airlines Pilots Ass'n*, 859 F. Supp. 2d at 301 (quoting *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989)).  Minor disputes, such as those involving grievances or interpretations of collective bargaining agreements, "must be resolved exclusively under the arbitration procedures established by the Railway Labor Act." *Gay v. Carlson*, 60 F.3d 83, 87 (2d Cir. 1995).  "In case

4

a dispute arises involving an interpretation of [an] award" made by the Special Adjustment

Board, the RLA provides that "the division of the Board upon request of either party shall

interpret the award in the light of the dispute."  45 U.S.C. § 153(m).

The district courts lack jurisdiction to interpret adjustment board awards, but may enforce

an award provided it is unambiguous on its face.

> [A] district court may not enforce an award that requires it to first
> interpret the award's meaning.  Because disagreement about the
> meaning of an award amounts to disagreement about the meaning
> of the underlying collective bargaining agreement, jurisdiction to
> resolve the dispute lies with the Board.  The RLA's mandate that
> district courts enforce arbitration awards is neither a duty nor a
> license to interpret it.

*Ciarleglio v. Metro-N. R. Co.*, No. 05 Civ. 1731, 2008 WL 160957, at *3 (D. Conn. Jan. 15,

2008) (citation omitted and internal quotation marks omitted); *accord Sabo v. Metro-N.*

*Commuter R.R.*, No. 96 Civ. 5201, 1997 WL 83412, at *3 (S.D.N.Y. Feb. 27, 1997) ("[F]ederal

courts have no authority to enforce an award if it is not clear on its face." (citing *Brotherhood of*

*Way Emp. v. Burlington Northern*, 24 F.3d 937, 939 (7th Cir. 1994))).

## III.    Application of Law to Facts

Here the Court cannot enforce Award No. 499 without interpreting it because it is not

clear on its face.  Hence the Court lacks subject matter jurisdiction over the present dispute.

Award No. 499 is susceptible to at least two interpretations.  IBEW's position is that the

"continuous claim" language in Award No. 499's statement of claim encompasses all future

work installing GPS units on Metro-North vehicles, including installing GPS units under the

AVLM Project.  On the other hand, Metro-North cites the language in Award No. 499 that refers

specifically to the VMDT Project, stating that GPS units were to be installed on a "limited

number of vehicles in Metro-North's automotive fleet."  Metro-North argues that the AVLM

Project is materially different than the VMDT Project and that Award No. 499 was not intended

to prohibit Metro-North from contracting out GPS installation work indefinitely, especially in light of the contracting out provisions in the collective bargaining agreement.

Contrary to IBEW's arguments, the "continuous claim" language in Award No. 499 does not make clear that the award applies to all future work installing GPS devices on Metro-North vehicles.  IBEW's reliance on the September 26, 2008 letter likewise fails.  When the September 26, 2008 letter was issued, the AVLM program had yet to commence and clearly was not at issue.  Moreover, the letter does not clarify the meaning of language "continuous claim" in Award No. 499 or even reference this language.

The Court cannot enforce Award No. 499 without first resolving its ambiguity and determining whether it applies to the AVLM Project.  Jurisdiction to resolve this question and otherwise interpret Award No. 499 lies exclusively with the Adjustment Board.  Consequently, the Court lacks subject matter jurisdiction over this dispute.

## IV.    Conclusion

For the reasons stated above, Defendant Metro-North's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at docket number 9 and to close this case.

Dated: October 25, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE